UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESUS NEGRON,

                Plaintiff,

          -against-

THE CITY OF NEW YORK, Police Officer JOHN
and JANE DOE ONE through SEVEN in their
individual and official capacities as employees
of the City of New York,

                Defendants.
------------------------------------------------------------X

FILED
CLERK

2016 MAY -4 PM 1:21

U.S. DISTRICT
EASTERN DISTRICT

**COMPLAINT AND
JURY DEMAND**

**CV 16 - 02228**

**CHEN, J.**

**REYES, M.J.**

The Plaintiff, JESUS NEGRON, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

### INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff JESUS NEGRON ("plaintiff" or "Mr. Negron") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe One through SEVEN were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Four.

9. At all times relevant herein, defendants John and Jane Doe One through SEVEN were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe One through Four are sued in their individual and official capacities.

10. At all times relevant herein, defendants John and Jane Doe One through Four either directly participated or failed to intervene in the violation of plaintiff's rights.

11. At all times relevant herein, all individual defendants were acting under color of state law.

12. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

13. The City was at all material times the public employer of defendant officers named herein.

14. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

15. Plaintiff is a Hispanic male.

16. On or about August 5, 2015, at approximately 10:00 pm, plaintiff was arrested, handcuffed, and escorted to an awaiting police vehicle.

17. The officers alleged plaintiff had stolen orthopedic insoles from a local pharmacy some time prior.

18. While in the police cruiser, plaintiff became concerned as he noticed that the officers were not driving in the direction of the 76th Precinct where plaintiff expected to be taken.

19. Plaintiff panicked.

20. Anticipating that the officers would isolate and harm him, Plaintiff dialed 911 from the back seat of the police cruiser seeking help.

21. At that time, the defendant police officers JOHN DOE ONE and TWO stopped the car, exited and entered the back seat where they assaulted plaintiff.

22. The defendant officers JOHN DOE ONE and TWO kicked and punched Plaintiff as he begged them to stop.

23. During this assault, Plaintiff felt sharp pain in his thumb and asked to be taken to the hospital.

24. The officers JOHN DOE ONE and TWO refused and took plaintiff to the precinct instead.

25. Once at the 76th Precinct, officers JOHN DOE ONE and TWO attacked plaintiff again this time with additional officers JOHN DOE THREE through SEVEN.

26. Plaintiff was taken to Long College Hospital (a/k/a NYU Langone Hospital) by ambulance.

27. While at the hospital, physicians determined that plaintiff sustained a fractured thumb among other injuries.

28. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

29. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

30. The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

31. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would

warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

32. All of the above was done in violation of state and federal law.

33. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

34. The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

35. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

> i. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FIRST CLAIM
## 42 U.S.C. § 1983

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unreasonable Force

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *Monell*

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

48. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

49. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

50. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

51. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

52. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

    (a)    Award compensatory damages against the defendants, jointly and severally;

    (b)    Award punitive damages against the individual defendants, jointly and severally;

    (c)    Award costs of this action to the plaintiff;

    (d)    Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

    (e)    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED: April 29, 2016

Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*